■ FRANK IOVINE, Respondent, v LAWRENCE M. LYONS et al., Defendants, and A.A.A. REFRIGERATION SERVICES, INC., Appellant. [617 NYS2d 815] —In an action to recover damages for personal injuries, the defendant A.A.A. Refrigeration Services, Inc. appeals from an order of the Supreme Court, Queens County (Berkowitz, J.), dated June 29, 1993, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

On August 27, 1986, at the Key Food Supermarket located at 164-05 69th Avenue in Flushing, an explosion occurred at the air-conditioning electrical panel box in the basement of the premises, causing serious injuries to the plaintiff, a 48-year-old licensed electrician. The appellant, A.A.A. Refrigeration Services, Inc. had maintained the air conditioning and refrigeration units at the subject location for several years prior to the date of the incident, and had also been hired to install more display refrigeration as part of the renovation the supermarket was undergoing at the time of the incident. The plaintiff commenced suit and the appellant moved for summary judgment, contending that there was no evidence that it had in any way contributed to or caused the explosion. The Supreme Court denied the motion, holding, *inter alia,* that questions of fact remain as to what, if anything, the appellant did at the panel box which may have caused or contributed to the explosion.

Contrary to the appellant's assertion, the plaintiff and other parties opposing the motion proffered evidence sufficient to raise a triable issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). Here, the plaintiff submitted evidence that he had witnessed employees of the appellant doing electrical rewiring, despite the contentions of the appellant that its employees did not engage in any such work. Further, the owners of the supermarket testified that the appellant had been maintaining the air conditioning and refrigeration units for several years.

A question remains, therefore, as to what work the appellant might have done over those years to the air-conditioning electrical panel box that exploded and whether that work might have contributed to the explosion. We therefore affirm the order denying the appellant's motion for summary judgment. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.